IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AIMEE L. WILCOX, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>CAREER STEP, L.L.C., *et al.*,<br><br>    Defendants. | ORDER and MEMORANDUM DECISION<br><br><br><br><br><br>Case No. 2:08-CV-998 CW |

This matter is before the court on a motion to dismiss by Defendants Laramie County Community College ("Laramie Community") for lack of personal jurisdiction (Dkt. No. 33) and a motion to dismiss by West Virginia State Community and Technical College ("West Virginia Community") for lack of personal jurisdiction (Dkt. No. 42)[1] and on sovereign immunity grounds (Dkt. No 39). For the reasons discussed below, West Virginia Community's motion to dismiss is GRANTED on grounds of sovereign immunity but DENIED on personal jurisdiction grounds, and Laramie Community's motion is DENIED.

---

[1] West Virginia Community called its motion at Docket No. 42 a motion to join Laramie Community's motion to dismiss for lack of personal jurisdiction. It is clear from the context that West Virginia Community intended to move to dismiss for lack of personal jurisdiction on its own behalf and adopt Laramie Community's arguments in support of Laramie Community's motion. Ms. Wilcox argued that motion with this understanding. Accordingly, the court deems Docket No. 42 to be an independent motion to dismiss based on lack of personal jurisdiction by West Virginia Community.

# FACTUAL BACKGROUND

Many of the facts about the core of this case have already been previously discussed by the court in a previous order. This Order will focus only on those allegations and supporting materials that directly impact the analysis on the present motions. In brief, Plaintiff Aimee L. Wilcox alleges that Defendant Career Step, L.L.C. has marketed and provided her medical coding course (the "Wilcox course") to various institutions of higher learning, which in turn offer the Wilcox course to their students. Ms. Wilcox alleges that these actions by Career Step and the institutions are actionable under various theories, including that they constitute violations her copyright in the Wilcox course.

Career Step's provision of the Wilcox course to the institutions is governed by a form contract called the "Strategic Alliance Agreement." West Virginia Community and Laramie Community both contracted with Career Step to provide the Wilcox course to their students using the form contract. The form contract between Career Step and the moving Defendants also incorporates a form end user agreement between Career Step and students governing the students' use of the Wilcox course. Students who enroll in the Wilcox course are required to contract with Career Step using that form contract.

# ANALYSIS

I. **MOTION TO DISMISS STANDARDS**

   A. **Personal Jurisdiction**

When a defendant challenges a court's jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff has the burden of establishing that personal jurisdiction over the defendant is proper. *See Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453,

456 (10th Cir. 1996). At the preliminary stage, the plaintiff "need only make a *prima facie* showing of personal jurisdiction. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (internal quotation marks and citation omitted). All factual disputes regarding jurisdiction are resolved in favor of the plaintiff. *See id.*

"Before a federal court can assert personal jurisdiction over a defendant in a federal question case, the court must determine (1) 'whether the applicable statute potentially confers jurisdiction' by authorizing service of process on the defendant and (2) 'whether the exercise of jurisdiction comports with due process.'" *Peay v. Bellsouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000) (internal quotation marks and citations omitted). Because the Copyright Act does not confer nationwide service of process, the court must determine whether Utah's long-arm statute confers personal jurisdiction. *See Dudnikov*, 514 F.3d at 1070.

Utah's long-arm statute provides, in relevant part:

Any person ... who in person or through an agent does any of the following enumerated acts, submits himself ... to the jurisdiction of the courts of this state as to any claim arising out of or related to:

(1) the transaction of any business within this state; . . .

(3) the causing of any injury within this state whether tortious or by breach of warranty. . .

Utah Code Ann. § 78-27-24. This statute is interpreted broadly "so as to assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution." Utah Code Ann. § 78-27-22.

The exercise of jurisdiction over a nonresident defendant comports with due process "'so

long as there exist minimum contacts between the defendant and the forum State.'" *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)). Personal jurisdiction may be either general or specific. "General jurisdiction is based on an out-of-state defendant's 'continuous and systematic' contacts with the forum state and does not require that the claim be related to those contacts." *Dudnikov*, 514 F.3d at 1078 (citations omitted). Specific personal jurisdiction is established when a party has "'purposefully directed' his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or relate to' those activities" within the forum. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Deciding whether specific contacts are sufficiently related to the action is important "to allow a defendant to anticipate his jurisdictional exposure based on his own actions." *Dudnikov*, 514 F.3d at 1079 (citation omitted). If the defendant's activities create sufficient minimum contacts, courts then consider "whether the exercise of personal jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice.'" *OMI Holdings*, 149 F.3d at 1091 (quoting *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 113 (1987)).

## B. Sovereign Immunity

"A motion to dismiss based on immunity is treated as a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. . ." *Meyers v. Colorado Dept. of Human Servs.*, 62 Fed. Appx. 831, 832 (10th Cir. 2003) (citation omitted). "A party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) (citation omitted). When a

4

party makes "a factual attack on subject matter jurisdiction," it is improper to "presume the truthfulness of the complaint's factual allegations." *Id.* (citation omitted). Moreover, upon such a challenge, the "court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.* (citations omitted). "In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion." *Id.* (citation omitted). If the 12(b)(1) motion is intertwined with the merits of the case, however, it is treated as a motion for summary judgment. *See id.* "The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." *Id.*

## II. PERSONAL JURISDICTION

Ms. Wilcox contends that the court has specific personal jurisdiction over West Virginia Community and Laramie Community.[2] The facts that Ms. Wilcox contends give rise to specific jurisdiction are basically the same for both of the moving Defendants and the relevant contacts will be discussed below.[3]

---

[2] Ms. Wilcox also argues that the court has general jurisdiction over Laramie Community. Because, however, the court finds that it has specific jurisdiction over Laramie Community, it is not necessary to resolve that question.

[3] Ms. Wilcox asked that the court consider her arguments relating to certain contacts as a "surreply" with respect to Laramie Community. (*See* Dkt. No. 67.) While Laramie Community makes a valid point that Ms. Wilcox may be trying to "sneak in" arguments outside the normal briefing procedures, there is no prejudice to Laramie Community to the court considering the "surreply" and the court considers the arguments useful in considering this issue. Additionally, Laramie Community has itself employed the practice of adopting other Defendants' arguments against Ms. Wilcox: here Ms. Wilcox asks to adopt her arguments against another Defendant against Laramie Community. Accordingly, Ms. Wilcox's motion to allow a surreply is GRANTED.

Initially, Ms. Wilcox's contacts with Utah have no weight in this analysis. There is no evidence that either of the moving Defendants was aware when they contracted with Career Step that Ms. Wilcox lived in Utah, developed the Wilcox course in Utah, or that Ms. Wilcox claimed a copyright or other interest in the Wilcox course. For all practical purposes, from the perspective of the moving Defendants, Ms. Wilcox could have been a citizen of and developed the course in any state.

Laramie Community and West Virginia Community did make various contacts with Utah, however, which specifically relate to the Wilcox course.[4] First, Laramie Community and West Virginia Community (the latter through an agent) both entered into the Strategic Alliance Agreement with Career Step to obtain the Wilcox course. Career Step is a Utah corporation based in Utah, a fact known by both of the moving Defendants. The Strategic Alliance Agreement establishes several connections to Utah. First, the law governing the contract is Utah law, and the agreement could arguably select Utah as the venue of any suit involving the contract. Moreover, the student agreement incorporated in the Strategic Alliance Agreement indicates that students who wish to sue Career Step relating to the Wilcox course must do so in Utah under Utah law. Likewise, students must agree to submit to a Utah court's jurisdiction if Career Step sues that student relating to the Wilcox course. Finally, the Strategic Alliance Agreement makes

---

[4] Some of the facts in this section are found in an affidavit supplied by Ms. Wilcox. While the moving Defendants have taken issue with Ms. Wilcox's foundation to know these facts, it is undisputed that she worked at Career Step for a time and therefore has reason to be familiar Career Step. Moreover, the moving Defendants have not offered any contradictory evidence on any of her statements. The court will therefore take Ms. Wilcox's undisputed assertions as true for the purposes of this motion. *See Wenz*, 55 F.3d at 1505 (factual disputes resolved in plaintiff's favor in jurisdictional analysis).

it clear that the Wilcox course is subject to copyright and other intellectual property protection. The agreement purports to grant a license to use that material.

Further, Ms. Wilcox asserts, and Defendants do not dispute, that Career Step administers the Wilcox course from Utah. She also asserts that course materials are sent to students and institutions from Utah.

If this were a case in which Career Step were suing the moving Defendants in relation to the Wilcox course, the court would obviously have jurisdiction over Defendants. The question becomes whether Ms. Wilcox, a third party to the relationship between Career Step and the moving Defendants, may hale Defendants into court into Utah to litigate, among other things, whether they violated her asserted copyright in the Wilcox course. The court concludes that she can.

First, the jurisdictional requirements of Utah Code Ann. § 78-27-24(3) are met for both of the moving Defendants. Laramie Community and West Virginia Community transacted business in Utah with Career Step and Ms. Wilcox has alleged that they caused her injury in Utah.

Next, the court determines if the moving Defendants' contacts with Utah are sufficient to meet the requirements for specific jurisdiction over them. To this end, the court examines the substance of the transaction between Career Step and the moving Defendants. Here, the moving Defendants reached into Utah to obtain the right to use the Wilcox course, which they knew was subject to claims of copyright and other intellectual property protection. Ms. Wilcox's asserted harm relates directly to Defendants' intentional choice of contracting with a Utah company to purportedly obtain a license to use the Wilcox course. Moreover, the moving Defendants's agreement with Career Step arguably locates all potential litigation regarding the Wilcox Course

between those parties Utah. The form student contract expressly locates any action involving students and Career Step in Utah. Further, Career Step appears to administer the Wilcox course from Utah, including providing the course and support for it.

While the moving Defendants may not have intentionally directed their activities toward Ms. Wilcox in Utah, they did intentionally make contact with Utah involving the Wilcox course. In that way, the harm Ms. Wilcox alleges they caused her would not have arisen unless they had made contacts with Utah. Indeed, the acts which enabled the moving Defendants to use the course and allegedly violate Ms. Wilcox's copyright was entering into contracts with a Utah entity in Utah. Accordingly, the moving Defendants' activities in Utah directly "relate to" Ms. Wilcox's alleged injuries, which supports specific jurisdiction over them by a court Utah. *OMI Holdings*, 149 F.3d at 1091. The court is therefore satisfied that it has specific personal jurisdiction over both moving Defendants.

The next inquiry is whether it would offend notions of fair play and justice to exercise specific jurisdiction over the moving Defendants here. *See id.* The answer is no.

> In determining whether exercise of jurisdiction is so unreasonable as to violate "fair play and substantial justice," we consider: (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies.

*Id.* at 1095 (citation omitted). First, the burden on the moving Defendants here is significant, since it involves litigating out of state. That burden is becoming less onerous, however, given such advances as the electronic filing system and the ability to appear telephonically or by video conferencing. Second, Utah has an interest in seeing the asserted intellectual property rights of

its citizens, including Ms. Wilcox, protected. Third, Ms. Wilcox would have an extremely difficult time attempting to pursue each Defendant in this case in its respective state in terms of logistics and expense. Fourth, given that Ms. Wilcox's claims against each higher learning Defendant is identical, it would be most efficient for them all to be in one forum. Finally, it is not clear that this action implicates any interstate social policy. Based on these considerations, the court concludes that it is not unfair to exercise personal jurisdiction over the moving Defendants.

For all these reasons, the motions to dismiss for lack of personal jurisdiction by West Virginia Community and Laramie Community are DENIED.

## III. SOVEREIGN IMMUNITY

Having determined that the court has personal jurisdiction over West Virginia Community, the court may address West Virginia Community's motion to dismiss Ms. Wilcox's claims against it based on sovereign immunity grounds. For the reasons discussed below, the court concludes that the Eleventh Amendment bars Ms. Wilcox's claims.[5]

Under the Eleventh Amendment, federal courts may not exercise jurisdiction over "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. There are, however, two exceptions in which a court is allowed to hear such suits. *See College Sav. Bank v. Florida Prepaid Postsecondary Educ.*

---

[5] West Virginia Community argues that the constitutional question here could be avoided by ruling that Ms. Wilcox failed to meet the notice requirement of West Virginia Code § 55-17-3(a)(1). As the court reads that statute, however, it appears to be limited to actions initiated in state court an the court is more persuaded by the federal districts courts of West Virginia that so hold. *See, e.g.*, *D.W. v. Walker*, 2:09-cv-00060, 2009 WL 1393818, *3 (S.D.W.Va. May 15, 2009).

9

*Expense Bd.*, 527 U.S. 666, 670 (1999). First, a state may consent to be sued and second, Congress can abrogate a state's immunity.

Initially, West Virginia Community has satisfied the court that it is an extension of the State of West Virginia for the purposes of Eleventh Amendment immunity. To determine whether an entity is an arm of the state, the Tenth Circuit directs courts to examine two factors: (1) "the degree of autonomy given to the agency" and (2) the extent to which the agency pays for itself. *Watson v. University of Utah Med. Ctr.*, 75 F.3d, 569, 574-75 (10th Cir. 1996) (internal quotation marks and citation omitted). "Our cases have consistently found state universities are arms of the state." *Id.* at 575 (citing string of cases so holding). Here, West Virginia Community has shown that the State of West Virginia extensively controls West Virginia Community. As in *Watson*, West Virginia Community points to various West Virginia statutory provisions that conclusively establish this control. Second, West Virginia Community has made an undisputed showing that its principal source of funding comes from the State of West Virginia.

Moreover, West Virginia Community did not consent to be sued by Ms. Wilcox. Ms. Wilcox's only argument that such consent was given is to point to the Strategic Alliance Agreement. In that contract, West Virginia Community arguably consented to be subject to a suit brought by Career Step to enforce the terms of the contract. But West Virginia did not consent to be sued by Ms. Wilcox by entering that agreement.

Since West Virginia Community is an arm of the state and did not consent to be sued, the only ground upon which its Eleventh Amendment would be abrogated is if federal copyright statute effectively did so. Ms. Wilcox argues that the Copyright Remedy Clarification Act of 1990 ("CRCA") did so. In *Chavez v. Arte Publico Press*, 204 F.3d 601, 607-08 (5th Cir. 2000),

the Fifth Circuit found that the CRCA's attempt to abrogate states' Eleventh Amendment immunity is unconstitutional. No party has cited any precedent from the Tenth Circuit on this issue. As pointed out by West Virginia Community and as indicated by the court's review, federal district courts in and outside of the Fifth Circuit have been uniform in following *Chavez*. Moreover, Ms. Wilcox has not persuaded the court that *Chavez* was incorrectly decided. Accordingly, the court follows *Chavez* and holds that West Virginia Community's sovereign immunity was not waived by the CRCA.

For all these reasons, Ms. Wilcox's claims against West Virginia Community are DISMISSED based upon West Virginia Community's sovereign immunity under the Eleventh Amendment.

**ORDER**

For the reasons set forth above, the court ORDERS as follows:

Laramie Community's motion to dismiss for lack of personal jurisdiction (Dkt. No. 33) is DENIED;

West Virginia Community's motion to dismiss for lack of personal jurisdiction (Dkt. No. 42) is DENIED; and

West Virginia Community's motion to dismiss on sovereign immunity grounds (Dkt. No 39) is GRANTED.

SO ORDERED this 1st day of December, 2010

                                BY THE COURT:

                                _____
                                Clark Waddoups
                                United States District Judge