IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AIMEE L. WILCOX, an individual,<br><br>     Plaintiff,<br><br>vs.<br><br>CAREER STEP, L.L.C., *et al.*,<br><br>     Defendants. | ORDER and MEMORANDUM DECISION<br><br><br><br><br><br>Case No. 2:08-cv-998 CW |

Now before the court are the court's order to show cause why this action should not be dismissed against "DOES 1-10,500" (the "Doe Defendants") for failure to serve them within 120 days as required by Federal Rule of Civil Procedure 4(m), as well as Plaintiff Aimee Wilcox's motion for expedited discovery into the identity of the Doe Defendants. For the reasons set forth below, the court concludes that Ms. Wilcox has not shown good cause for her failure to serve the Doe Defendants, nor is she entitle to expedited discovery into their identities.

**I.    Ms. Wilcox Has Not Shown Good Cause to Extend Service to the Doe Defendants**

Ms. Wilcox filed a timely response to the court's order to show cause. Two Defendants have filed responsive briefs to Ms. Wilcox's response, but because those Defendants do not represent the Doe Defendants, the court only considers those briefs *amici*. In support of her position that the Doe Defendants should not be dismissed, Ms. Wilcox makes three main arguments, which the court will address in turn below.

First, Ms. Wilcox asserts that the named Defendants are the sole sources of information about the identities of the Doe Defendants, who are end users of the course at issue. She argues that the named Defendants have refused to provide her with this information, despite her repeated requests and her understanding that the information would be forthcoming. She concludes that good cause thus exists for her failure to serve the Doe Defendants.

In explaining this ground, Ms. Wilcox asserts that in January 2009, shortly after she filed this action, she requested that Defendant Career Step LLC provide her with "an independent audit of the sales" of the course. She contends that Career Step put improper conditions on producing that information. She further asserts that on February 11, 2009, she contacted Career Step to confirm with Career Step that she would forgo serving end users as part of settlement negotiations with Career Step that were pending at that time. The next event on Ms. Wilcox's time line happened in December 2010. At that time, Ms. Wilcox contacted Career Step to demand that it provide a list of the identities of the end users.

These events are not good cause for delay in service. The court initially notes that it strongly encourages that parties engage in good faith settlement negotiations. The court is generally amenable to entering orders that facilitate such negotiations. Nonetheless, Ms. Wilcox's suggestion that she was lulled by negotiations with Career Step into waiting over 120 days to serve the Doe Defendant rings hollow.

The requirement that a plaintiff serve all defendants within 120 days or show good cause for failure to do so is patent in Rule 4(m) of the Federal Rules of Civil Procedure. Here, Ms. Wilcox filed the original complaint on December 20, 2008. Rule 4(m) required that all Defendants be served by April 29, 2009. After that date, Ms. Wilcox should have been aware

that she would need to show good cause to extend service to the Doe Defendants.  *See* Fed.R.Civ.P. 4(m).  But Ms. Wilcox's own records do not show that she was making a meaningful effort toward serving the Doe Defendants until long after she filed the complaint and long after her time to serve had run.  Ms. Wilcox's initial correspondence with Career Step in January 2009 does not specifically ask for identities of end users.  Further, in her February 2009 email to Career Step, Ms. Wilcox's counsel indicated that she was deliberately delaying her efforts to try to identify end users because doing so would facilitate settlement negotiations with Career Step.  The first time the record reflects that Ms. Wilcox specifically requested that Career Step identify end users was in December 2010, nearly two years after she filed this action.

Given all these circumstances, the court cannot conclude that this particular set of negotiations was good cause for failure to serve the Doe Defendants.  Initially, it is not clear that Career Step ever promised Ms. Wilcox that it would produce the identities of the end users to Ms. Wilcox.  Moreover, the end users were never a part of the settlement negotiations between Ms. Wilcox and Career Step.  Rather, it appears that during most of the period between December 2008 and December 2010, Ms. Wilcox was using the possibility of identifying the Doe Defendants and serving them as leverage in her negotiations with Career Step and the other Defendants.  Finally, if Ms. Wilcox had felt at any point that Career Step was impermissibly withholding this information from her, she should have moved to compel.  She also could have moved for an extension of time to serve the Doe Defendants, but she did not.

Ms. Wilcox's second ground for asserting good cause is that the motion practice involved in this case contributed to the delay.  She points out that several Defendants filed motions to dismiss and observes that the resolution of those motions took several months.  She argues that it

3

would have been a waste of time to attempt to amend the complaint until the court had decided the motions to dismiss. She respectfully adds that the court has taken quite a while to resolve many of the motions in this case.

The delay caused by the motions to dismiss is not good cause for failing to timely serve the Doe Defendants. First, the court notes that it regrets that it has not issued Orders in this case (including this Order) as quickly as it would have liked to in the best of circumstances. Surely, some of the delay in this case is attributable the court. Moreover, there is some pragmatic value to Ms. Wilcox's argument, given that adding moving pieces to an already complicated case could seem counterproductive. But in the final analysis, parties must comply with the Rules of Civil Procedure, even if doing so makes a matter more complex. In any event, it is Ms. Wilcox who chose to name 10,500 Doe Defendants. Nothing in the court's actions or in the conduct of the case to date prevented Ms. Wilcox from actively pursuing service on the Doe Defendants. Further, the obligation to serve the Doe Defendants within 120 days is wholly independent of which other Defendants will be involved in the case.

Finally, Ms. Wilcox argues that Rule 4(m) does not apply until she is aware of the identities of the Doe Defendants. She offers no legal authority for this proposition however, and the court notes one case in which the Tenth Circuit has upheld the dismissal under Rule 4(m) of fictitiously named defendants even though the plaintiff was not aware of their identities, *i.e.*, *Scott v. Hern*, 216 F.3d 897, 911-12 (10th Cir. 2000).

Two additional points should be made on this issue. First, given all of the above circumstances, the court will not grant a permissive extension to serve the Doe Defendants. Second, the Doe Defendants are dismissed without prejudice, as required by Rule 4(m).

**II.     Motion for Expedited Service**

Ms. Wilcox moves for expedited discovery into the identities of the end users. Her primary justification for this expedited discovery is that she intends to amend the complaint to name the end users in this action. Since the end users are now dismissed without prejudice, this motion is DENIED.

The court notes, however, that this ruling should not be construed as an order that Defendants never need to identify the end users during discovery. That question is certainly not before the court at this point, and the court gives no opinion as to whether this type of discovery is appropriate in this case. Rather, the court simply rules that there will be no expedited discovery on the end users' identities at this point.

**III.    Scheduling Order**

The court notes that the parties have been waiting for the resolution of these issues before they meet and confer to discuss a scheduling order in this matter. The court therefore ORDERS that the parties meet and confer by October 21, 2011. On or before October 21, 2011, the parties shall submit a joint proposed scheduling order, or, if they cannot stipulate to such an order, they shall submit their separate proposed orders by that date.

**CONCLUSION AND ORDER**

For the foregoing reasons, the court ORDERS as follows:

The fictitiously named defendants identified as "DOES 1-10,500" are DISMISSED without prejudice for failure to timely serve them; and

Ms. Wilcox's motion for expedited discovery (Dkt. No. 109) is DENIED.

SO ORDERED this 29th day of September, 2011

BY THE COURT:

_____
Clark Waddoups
United States District Judge