IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AIMEE L. WILCOX<br><br>    Plaintiff,<br><br>v.<br><br>CAREER STEP, et al.<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:08-cv-00998-CW-DBP<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Dustin B. Pead |

**I. INTRODUCTION**

This copyright infringement matter was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(A). Plaintiff is Aimee L. Wilcox. Defendants relevant to this decision are: (1) the "Career Step Defendants," who consist of Career Step, LLC, Andrea L. Anaya, Eugene Anaya, Christopher L. Dunn, Celeste Harjehausen, and Marvin D. Loflin; and (2) the "College Defendants," who consist of Central Carolina Technical College, Laramie County Community College, and Denver School District No. 1.

Before the Court are: (1) Plaintiff's motion to amend the fact discovery deadline (Docket No. 190); (2) Plaintiff's motion to amend the expert report deadline (Docket No. 166); and (3) the Career Step Defendants' motion for a protective order (Docket No. 188). For the reasons

below, the Court GRANTS Plaintiffs' motions (Docket Nos. 166; 190), but DENIES the Career Step Defendants' motion (Docket No. 188).

## II. STANDARD OF REVIEW FOR MOTIONS TO AMEND DEADLINES

Upon motion, and for good cause, a court may extend an expired deadline where the moving party shows "excusable neglect." Fed. R. Civ. P. 6(b)(1). The determination of what constitutes excusable neglect is "an equitable one, taking account of all relevant circumstances surrounding the party's" failure to abide by the original deadline. *Pioneer Inc. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Factors a court should consider include: (1) "the reason for the delay, including whether it was within the reasonable control of the movant"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "whether the movant acted in good faith"; and (4) "danger of prejudice" to the nonmoving party. *Id.*; *Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994). Generally, "inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b) . . . ." *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005).

## III. ANALYSIS OF PLAINTIFF'S MOTIONS TO AMEND DEADLINES

On October 27, 2011, Magistrate Judge David Nuffer issued a scheduling order wherein Plaintiff's export report deadline of May 15, 2012 predated the fact discovery deadline of June 16, 2012. (Docket No. 142.) Upon the parties' stipulation, on June 27, 2012, Magistrate Judge Evelyn J. Furse amended the fact discovery deadline to August 17, 2012. (Docket No. 165.) The effect of these orders created an unusual posture. Plaintiff needed certain fact discovery from the Career Step Defendants to prepare her expert report, but could not timely do so where

the Career Step Defendants produced the discovery *after* the expert report deadline expired.  The Career Step Defendants' production of the discovery on the date of the discovery deadline also prevented Plaintiff from conducting her own timely discovery of its contents.  The present motions followed.

### A. Plaintiff's Motion to Amend Scheduling Order on Fact Discovery

For several months prior to the August 17, 2012 fact discovery deadline, Plaintiff and the Career Step Defendants disagreed about the scope of, and payment for electronic discovery related to the Career Step Defendants' financial records.  (*See generally* Docket Nos. 190-91; 198.)  To account for their disagreement, on August 10, 2012, the parties filed a stipulated motion to extend the fact discovery deadline to September 14, 2012. (Docket No. 168.)  However, the parties came to a last-minute agreement, and on August 17, 2012, the Career Step Defendants complied with the original fact discovery deadline by producing over 34,000 documents to Plaintiff.  (Docket No. 191 at 2.)

On August 21, 2012, Magistrate Judge Furse denied, without prejudice, the parties' stipulated motion to extend the fact discovery deadline for lack of good cause.  (Docket No. 171.)  Magistrate Judge Furse's denial was warranted given the aged status of this case, and the parties' failure to offer *any* reason for the requested extension.

Because Plaintiff needed additional time to review the August 17, 2012 documents, she tried contacting Career Step Defendants on August 24, 2012, September 7, 2012, and September 14, 2012 to coordinate the submission of another stipulated motion to extend fact discovery.  (Docket No. 191 at xix-xx.)  The Career Step Defendants waited until September 17, 2012 to respond by refusing Plaintiff's request.  (*Id.* at xx.)

Consequently, on September 25, 2012, Plaintiff filed a more detailed motion to amend the fact discovery deadline. (Docket No. 190.) She claims extending the deadline will allow her to "finalize" reviewing Defendants' August 17, 2012 documents, and to re-depose Defendants about some of the documents. (Docket No. 191 at iv.)

Both the Career Step and the College Defendants oppose Plaintiff's motion. (Docket Nos. 198-99.) The Career Step Defendants claim Plaintiff lacked a good reason for delaying her motion because, after the August 21, 2012 denial of the stipulated extension, "it was up to Plaintiff to respond to the Court's request for a showing of good cause. . . . [B]ut she did nothing." (Docket No. 198 at 3.)

The Court disagrees. An affidavit submitted by Plaintiff's counsel shows that Plaintiff tried contacting the Career Step Defendants to request their stipulation to another extension on August 24, 2012, and September 7, 2012, before finally reaching them on September 14th, 2012. (Docket No. 192, Ex. NN.) Based on the parties' previous stipulated motions to extend fact discovery, Plaintiff reasonably believed the Career Step Defendants would agree to another stipulated motion. When the Career Step Defendants finally refused on September 17, 2012, Plaintiff only waited one week before filing the present motion.

For the same reasons, the Court disagrees with the Career Step Defendants' claim that the delay in bringing the motion was within Plaintiff's control where she could have expedited discovery by narrowing her "overbroad" discovery requests, and "by bearing all the reasonable costs" for its production. (Docket No. 198 at 2-3.) Regardless of the parties' disagreement leading up to the discovery production, after the August 21, 2012 denial of their stipulated motion to extend fact discovery, Plaintiff tried contacting the Career Step Defendants numerous

times to file a second, stipulated motion.  The Career Step Defendants' refusal to respond to Plaintiff until September 17, 2012 was not in her control.

The Court recognizes that the College Defendants, who have complied with all discovery obligations, will suffer some prejudice if the Court grants Plaintiff's motion.  However, the Court finds other factors, such as Plaintiff's diligent efforts to contact the Career Step Defendants to stipulate to another extension, weigh in favor of granting.  Therefore, the Court GRANTS Plaintiff's motion to extend the fact discovery deadline.  (Docket No. 190.)  To minimize prejudice to the College Defendants, the Court will only allow fact discovery in the form of re-depositions of the Career Step Defendants, as outlined below.

## B. **Plaintiff's Motion to Amend/Correct Scheduling Order on Expert Reports**

Plaintiff waited until August 2, 2012, nearly three months after the expert report deadline expired, to file a motion to amend the deadline.  (Docket No. 166.)  Plaintiff argues excusable neglect warrants amending the deadline.  (Docket No. 167.)  She claims the reason for the delay was out of her control where the Career Step Defendants failed to timely disclose electronically stored financial information that was necessary for Plaintiff's expert to calculate damages.  (*Id.* at i-ii, 1-2.)

Both the Career Step and the College Defendants oppose Plaintiff's motion because they assert that Plaintiff failed to provide a valid reason for delaying her motion.  (Docket Nos. 169 at 4; 170 at 2.)  Moreover, the College Defendants, who "complied with all deadlines and discovery requests," fear granting Plaintiff's motion will "prejudice them" because it will "likely require postponement of the trial."  (Docket No. 169 at 3.)

The Court shares the Defendants' concerns.  However, the Court also recognizes the unusual posture and practical concerns of this case.  The deadline for the fact discovery Plaintiff needed for her expert report post-dated her expert report deadline.  This situation was exacerbated when the Career Step Defendants waited until the date of the fact discovery deadline to produce the information Plaintiff needed.  Additionally, the need for resolution in this four-year-old case cannot be overstated.  Given these circumstances, the Court GRANTS Plaintiff's motion to amend the expert report deadline, as outlined below.  (Docket No. 166.)  However, any future attempt to extend the expert report deadline will not be considered favorably without compelling circumstances.

## IV. STANDARD OF REVIEW FOR MOTIONS FOR PROTECTIVE ORDERS

Upon a showing of good cause, a party may move for a protective order forbidding discovery to protect the party "from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1)(A).

## V. ANALYSIS OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER

On September 20, 2012, the Career Step Defendants filed a motion for a protective order to prevent Plaintiff from deposing Andrea Anaya, Christopher Dunn, Celeste Harjehausen, Randy Johnson, and Career Step, LLC.  (Docket No. 188.)  The Career Step Defendants claim good cause supports the protective order because fact discovery ended on August 17, 2012, Plaintiff did not seek leave of court to take additional depositions, and re-deposing the witnesses would be "duplicative, expensive, and unduly burdensome."  (*Id.* at 2.)  Defendants also seek reasonable expenses, including attorney's fees, incurred in bringing this motion. (Docket No. 189 at 6.)  Plaintiff opposes the motion and request for costs.  (Docket No. 191.)

Although fact discovery closed on August 17, 2012, the Court extends this deadline as outlined elsewhere in this decision. Moreover, the Court treats Plaintiff's motion to extend fact discovery (Docket No. 190) as a motion for leave to conduct additional depositions.[1] Finally, the depositions will not be duplicative because the Court limits them to the discovery the Career Step Defendants provided Plaintiff on and after August 17, 2012. Indeed, the Career Step Defendants previously recognized the need for these additional depositions. On June 11, 2012, they informed Plaintiff of their willingness to "provid[e] [P]laintiff with up to an additional three hours [for conducting depositions]" as long as the depositions were limited to "documents produced after today . . . ." (Docket No. 198-5 at 73.)

**VI. ORDERS**

For the reasons set forth above, the Court issues the following orders:

**IT IS ORDERED** that Plaintiff's motion to amend the fact discovery deadline is **GRANTED** for the limited purpose of re-deposing Andrea Anaya, Christopher Dunn, Celeste Harjehausen, Randy Johnson, and Career Step, LLC. (Docket No. 190.) No later than **six weeks from the date of this order**, Plaintiff may depose these parties. The depositions must be limited to the discovery the Career Step Defendants provided Plaintiff on and after August 17, 2012.

**IT IS FURTHER ORDERED** that the Career Step Defendants' motion for a protective order is **DENIED**. (Docket No. 188.)

---

[1] Under Fed. R. Civ. P. 30(a)(2)(A)(ii), a party "must obtain leave" to depose where "the deponent has already been deposed in the case . . . ."

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend the expert report deadline is **GRANTED**.  (Docket No. 166.)  Plaintiff must produce her export report no later than **ten days from the date of this order**.

**IT IS FURTHER ORDERED** that the parties' counter reports are due **three weeks after Plaintiff's expert report deadline**.

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Civ. P 26(c)(3) and 37(a)(5)(B), the Court **DENIES** the Career Step Defendants' request for reasonable expenses incurred in bringing their motion for a protective order.  (Docket No. 188.)

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Civ. P 26(c)(3) and 37(a)(5)(B), the Court **DENIES** Plaintiff reasonable expenses incurred in defending against the motion for a protective order.  "Other circumstances" make an award of expenses unjust where the original fact discovery deadline passed over three months ago, and the Career Step Defendants have already filed dispositive motions.  (Docket No. 191.)

Dated this 30th day of November, 2012

_____

Dustin B. Pead
United States Magistrate Judge