IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AIMEE L. WILCOX, individually,<br><br>Plaintiff,<br><br>v.<br><br>CAREER STEP, LLC, a Utah limited liability company, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR CONTINUANCE TO CONDUCT DISCOVERY PURSUANT TO RULE 56(d)**<br><br>Case No.  2:08-cv-0998<br><br>Judge Clark Waddoups |

Before the court is Plaintiff's Motion for Continuance to Conduct Discovery Pursuant to Rule 56(d) [Dkt. No. 204]. For the reasons discussed below, the court DENIES Plaintiff's Rule 56(d) Motion, establishes a new schedule for briefing, and sets a hearing on the Defendants' Motions for Summary Judgment [Dkt. No. 174, Dkt. No. 176, and Dkt. No. 183].

## BACKGROUND

This case has been in process for nearly four years. Fact discovery was to be completed by June 16, 2012, which was extended to August 17, 2012 by order of the Magistrate Judge on a stipulated motion to extend the discovery deadline on June 27, 2012. [Dkt. No. 165.] Defendant Career Step produced approximately 34,000 pages of email documents to Plaintiff on the last day of the extended fact discovery period. (Pl.'s Mem. Supp. Rule 56(d) Mot., iii.) Defendant Career Step had indicated as early as April 2, 2012 to Plaintiff that it would be willing to produce these documents but the parties then negotiated for nearly three months about who would shoulder the costs of the production of the emails. (Def.'s Opp. to Rule 56(d) Mot., 12-13.) On June 29, 2012, Plaintiff agreed to contribute to the cost of gathering and producing the emails. (*Id.*)

On August 10, 2012, the parties submitted a further stipulated motion to extend the fact discovery deadline to September 14, 2012. [Dkt. No. 168.] This motion was denied without prejudice by the Magistrate Judge on August 21, 2012 in an order requiring the parties to show good cause for the extension. [Dkt. No. 171.] The parties never reverted with a responsive pleading; instead, Plaintiff's counsel contacted Defendant Career Step's counsel on September 14, 2012—the day before the deadline for submission of motions for summary judgment—to request another extension of time to complete fact discovery. (Def.'s Opp. Rule 56(d) Mot., 5.) Also on September 14, 2012, Plaintiff's counsel learned from the parties' mutual e-discovery vendor that the vendor's proprietary software had failed to populate some of the metadata fields in the emails produced on August 17, 2012. (Pl.'s Mem. Supp. Rule 56(d) Mot., iii; Def.'s Opp. Rule 56(d) Mot., 6.) Plaintiff did not, however, raise this issue with Defendant Career Step at that time, first referring to it in her Rule 56(d) Motion. (Def.'s Opp. Rule 56(d) Mot., 6.) The vendor remedied the mistake within days of bringing the issue to the parties' attention. (*Id.*)

Defendant Career Step filed its Motion for Partial Summary Judgment on September 14, 2012 [Dkt. No. 175] and the College Defendants filed their Motion for Summary Judgment on September 17, 2012 [Dkt. No. 184]. As the deadline for filing an Opposition to Defendants' motions for summary judgment approached, Plaintiff requested from Career Step' counsel an extension of time to file her Opposition on October 12, 2012. (Def.'s Opp. Rule 56(d) Mot., at 5.) In this request, Plaintiff's counsel explained that another matter in California was preventing Plaintiff's counsel from meeting the upcoming deadline for their Opposition. (*Id.*) Defendant Career Step agreed to a one week extension on October 15, 2012 upon which Plaintiff's counsel renewed the request for a two-week extension, again citing the California matter and other hearings preventing them from responding to the motions for summary judgment, not the

2

analysis of the emails or the missing metadata. (*Id.*) Plaintiff then filed her Rule 56(d) Motion on

October 19, 2012 instead of an Opposition to the motions for summary judgment.

<u>ANALYSIS</u>

Under Rule 56(d) of the Federal Rules of Civil Procedure, a court may provide relief to

the non-moving party in a summary judgment motion who shows by affidavit or declaration that

"it cannot present facts essential to justify its opposition" to the motion. Fed. R. Civ. P. 56(d)

(2012). As Plaintiff notes in her supporting memorandum, "[t]he protection afforded by Rule

56(d) is designed to safeguard against a premature or improvident grant of summary judgment."

(Pl.'s Mem. Supp. Rule 56(d) Mot., 1 (citing *Pasternak v. Lear Petroleum Exploration, Inc.*, 790

F.2d 828, 832-833 (10th Cir. 1986).) On the other hand, "seeking to engage in a fishing

expedition with the hope of discovering some evidence to save" a case from summary judgment

is "wasteful of the court's time and resources and is not the purpose of Rule 56(d)." *Barker v.

Citigroup, Inc.*, No. 2:11-cv-51-CW, 2012 U.S. Dist. LEXIS 56726 at *5 (D. Utah Apr. 20,

2012). In the Tenth Circuit, Rule 56(d) "does not operate automatically"; rather, "its protections .

. . can be applied only if a party satisfies certain requirements." *Valley Forge Ins. Co. v. Health

Care Mgmt. Ptnrs., LTD*, 616 F.3d 1086, 1096 (10th Cir. 2010) (quoting *Price ex rel. Price v. W.

Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (ellipsis in original). Specifically, the party must

provide an affidavit or declaration that identifies the following information:

> (1) "the probable facts not available," (2) why those facts cannot be presented
> currently, (3) "what steps have been taken to obtain these facts," and (4) "how
> additional time will enable [the party] to" obtain those facts and rebut the motion
> for summary judgment.

*Id.* (quoting *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir.

1992)). "Unless dilatory or lacking in merit, the motion should be liberally treated." *Comm. for

the First Amendment*, 962 F.2d at 1522 (upholding district court's denial of Rule 56(f) motion).

In lieu of opposing Defendants' three Motions for Summary Judgment, Plaintiff has moved for relief under Rule 56(d) for more time to review a substantial last minute production of documents and possibly request additional documents and/or re-depose certain Defendants or their personnel. To be sure, the court is not pleased by the practice of such a voluminous document production on the last day of fact discovery. But Plaintiff appears to be at least partly responsible for these circumstances by how it handled the matter between April and June of 2012. Also, by the time she filed her Rule 56(d) Motion, Plaintiff had been in possession of the produced emails for two months, and a month had also passed since the vendor had redressed its error in populating certain metadata fields. And, in communications with Defendants' counsel, Plaintiff's counsel cited a concurrently pending matter in California and other hearings as the reason for a requested delay in filing an Opposition to the motions for summary judgment. The court is therefore concerned that the present Rule 56(d) motion is indeed dilatory.

The court also finds the Rule 56(d) motion without merit based on a deficient affidavit supporting the motion. The affidavit does not lay out which probable facts are not available to the Plaintiff and why they cannot be presented currently (e.g. based Defendant Career Step's February and March 2012 production of documents as summarized in the chart produced by Defendant Career Step on June 26, 2012) (*see* Def.'s Opp. Rule 56(d) Mot., 11-12), what steps it intends to take in obtaining those facts and how the additional time will allow Plaintiff to rebut the motion for summary judgment. Instead, Plaintiff's counsel speculated in its affidavit that "it is probable that Wilcox will discover evidence that will enable it to oppose Career Step's and the College Defendants' motions for summary judgment." (Pl.'s Mem. Supp. Rule 56(d) Mot., vi.) This does not correctly reflect the showing required in such affidavits, which must aver "the probable facts not available", *Valley Forge*, 616 F.3d at 1096, and not that it is probable that

further review of produced documents will enable Plaintiff to discover evidence that may enable it to oppose the motions for summary judgment. The latter strongly hints at the type of fishing expedition that is "wasteful of the court's time and resources." *Barker*, 2012 U.S. Dist. LEXIS 56726 at *5. In short, though the court can infer from Plaintiff's position that Plaintiff believes it is unable to oppose the motions for summary judgment, the supporting affidavit Plaintiff does not state which facts are not available that would allow it to do so.

It is also unclear from Plaintiff's supporting affidavit, and even from Plaintiff's Reply brief, which gives more detail about what Plaintiff is looking for, why such facts are not currently available to Plaintiff in the production of documents from February and March of 2012 as summarized by Defendant Career Step in its Opposition to the Rule 56(d) Motion. (*see* Def.'s Opp. Rule 56(d) Mot., 11-12.) In the affidavit and in her supporting Memorandum, rather than identifying facts with any degree of specificity that are necessary to oppose the motions for summary judgment, Plaintiff lists broad categories of information allegedly contained in the produced emails, categories that seem to track the documents produced in February and March 2012. Also, based on Plaintiff's more detailed discussion in her Reply brief about these categories of information, it seems to the court that such evidence relates more to Plaintiff's trial preparation than to gathering information that would be necessary (and previously unavailable) for opposing the currently pending motions for summary judgment. In any event, the Reply brief is not the appropriate place for detail about the probable facts that are not currently available to appear for the first time. "Advocacy by counsel does not suffice for evidence or fact in the Rule 56[d] context." *Comm. for the First Amendment*, 962 F.2d at 1522. This information should be set out in the affidavit or declaration as required by Rule 56(d) and guiding Tenth Circuit caselaw. "The purpose of the affidavit is to ensure that the nonmoving party is invoking the

protections of Rule 56[d] in good faith and to afford the trial court the showing necessary to assess the merit of a party's opposition." *Id.* (internal quotation and citation omitted). Moreover, Plaintiff's citations to the affidavit in her Reply brief somewhat egregiously do not support the propositions or information for which they are used; nor could they as the affidavit is wholly lacking as to the information required in such affidavits as discussed above. The court notes that there is no reason it can discern why Plaintiff's counsel could not have submitted an affidavit or declaration from their client with factual statements relevant to her claims and the position Defendants' are taking in their motions for summary judgment on those claims.

The Tenth Circuit has, however, allowed that "[e]ven in the absence of a properly supported request under Rule 56[d], a district court may, in the interest of justice, allow a party additional time to marshal what evidence he does have in opposition to a summary judgment motion." *Id.* at 1523. The court finds Plaintiff's Rule 56(d) motion both dilatory and lacking in merit. In the interest of justice, however, and in light of the fact that Plaintiff has been in possession of the further produced emails for more than two months now, the court allows Plaintiff extra time to file her Opposition to the pending motions for summary judgment.

## <u>CONCLUSION</u>

The court DENIES Plaintiff's Motion for Continuance to Conduct Discovery Pursuant to Rule 56(d) [Dkt. No. 204] as dilatory and lacking in merit, based, as it is, on a deficient supporting affidavit.

In the interest of justice, however, the court ALLOWS Plaintiff extra time to file her Opposition(s) to Defendants' motions for summary judgment and ORDERS Plaintiff to file her Opposition(s) no later than December 21, 2012, after which Reply briefs may be filed by January

18, 2012. The trial date of February 19, 2013 is VACATED as a result and a hearing on the motions for summary judgment is hereby ORDERED for February 5, 2013 at 3:00 p.m.

Plaintiff's Ex Parte Motion for Extension of Time to File Response to Defendants' Motions for Summary Judgment filed on November 29, 2012 [Dkt. No. 216] is also therefore TERMINATED hereby as moot.

SO ORDERED this 30th day of November, 2012.

BY THE COURT:

Clark Waddoups
United States District Judge