IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AIMEE L. WILCOX, individually,<br><br>Plaintiff,<br><br>v.<br><br>CAREER STEP, LLC, a Utah limited liability company, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING INDIVIDUAL CAREER STEP DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Case No.  2:08-cv-0998<br><br>Judge Clark Waddoups |

Defendants Andrea Anaya, Eugene Anaya, Christopher Dunn, Celeste Royal, and Marvin Loflin (the "Career Step Defendants") filed their Motion for Summary Judgment on September 14, 2012 [Dkt. No. 176], and the court heard oral argument on February 5, 2013. In considering the Career Step Defendants' motion, the court incorporates its discussion, including its review and application of the legal standard for summary judgment, from its concurrently issued Memorandum Decision and Order Granting in Part and Denying in Part Defendant Career Step's Motion for Partial Summary Judgment (the "Order"). [Dkt. No. 245.] With reference to the facts as discussed in the Order, the court finds that Plaintiff failed to proffer sufficient evidence to create a genuine dispute of material fact as to whether Career Step Defendants engaged in conduct that would render them individually liable for Plaintiff's remaining claims for copyright infringement, breach of contract, fraudulent inducement, intentional interference with prospective economic relations, abuse of personal identity, and accounting. And, as Defendants argue, "the operative complaint includes no allegation of alter ego liability and no allegations that any of the Career Step Defendants acted outside of the course and scope of their

employment with Career Step." (Defs.' Mem. Supp. Mot. Summ. J., 1 [Dkt. No. 177].) Absent any supporting evidence, the claim fails.

As a preliminary matter, the statute of limitations has run on any potential fraudulent inducement claim that Plaintiff could bring under the alleged facts, though the court has also found an absence of a genuine dispute of material fact that Defendant Career Step, and by extension, the Career Step Defendants, did not fraudulently induce Plaintiff to sign the Development Agreement (the "Agreement"). The Agreement is therefore enforceable. As a result, Career Step jointly owns the copyright at issue as provided in the Agreement. (*See* Agreement at § 7 [Dkt. No. 175-1].) Plaintiff's Opposition depends on the absence of Career Step's joint-ownership interest in the copyright. (*See* Pl.'s Opp. Mot. Summ. J., 2-5 [Dkt. No. 234].) But because Career Step jointly owns the copyright under the Agreement, Plaintiff's claim for copyright infringement against the Career Step Defendants also fails as a matter of law.

Plaintiff cannot (and does not) dispute the fact that none of the Career Step Defendants are a party to the Agreement. The Verified Complaint does not bring alter ego claims or other allegations that would permit the court to hold individual Career Step Defendants personally liable for issues arising from the relationship between Plaintiff and Career Step. And Plaintiff cites no law requiring the court to find the Career Step Defendants individually liable for breach of contract; rather, Plaintiff constructs a narrative of Career Step's alleged breach of an oral agreement that Plaintiff claims pre-existed the Agreement. (*Id.* at 5-9.) This narrative ignores the integration clause of the Agreement (*see* Agreement at § 17 [Dkt. No. 175-1]) which, pursuant to the parol evidence rule, precludes reference to any previously existing oral or written agreements for the purpose of contradicting or aiding in the interpretation of any provision of the executed Agreement. *Tangren Family Trust v. Tangren*, 182 P.3d 326, 330-31 (Utah 2008); *see also*

*Daines v. Vincent*, 190 P.3d 1269, 1279 (Utah 2008). Finally, under the same analysis of the facts discussed in the Order relating to the statute of limitations for the fraudulent inducement claim, the court finds that the four year statute of limitations governing breach of contract claims would apply to bar Plaintiff's claim that the Career Step Defendants breached the allegedly pre-existing oral agreement. Utah Code Ann. § 78B-2-307. As with the statute of limitations for fraudulent inducement, the court finds no genuine dispute of material fact as to Plaintiff's knowledge, or her ability to know through the exercise of reasonable diligence, of the facts supporting her claim for breach of the oral agreement (which in any event was not specifically pled) at the time of signing the Agreement on July 23, 2003. The statute of limitations for breach of the oral agreement therefore began running on July 23, 2003, and Plaintiff's claim for breach of the oral agreement became time barred on July 24, 2007.

The court also refers to and incorporates its analysis of Plaintiff's intentional interference of prospective economic relations claim from the Order in granting the Career Step Defendants' motion as to this claim. The undisputed facts show that Mr. Oldham's primary concern—and the reason he broke off tentative negotiations with Plaintiff—related to the shadow over ownership of the copyright resulting from the parties' failed relationship and the ongoing litigation. In fact, the evidence shows that Mr. Oldham contemplates (at least as of the date of his deposition on May 1, 2012) that Plaintiff can and should approach him again to resume discussion should her dispute about ownership of the copyright be resolved. (*See* quotations collected in the Order [Dkt. No. 245].) Thus, it is questionable whether Plaintiff's prospective economic relations with Mr. Oldham have been "interfered with" as contemplated under the applicable test.

Plaintiff has not sufficiently pled claims against the Career Step Defendants in their individual capacity for abuse of personal identity. The Verified Complaint simply alleges the

elements of abuse of personal identity against Career Step and then prays for relief against Career Step and the Career Step Defendants individually. (*See* Pl.'s Am. Verif. Compl. ¶¶ 152-154, 264-269 [Dkt. No. 95].) Contrary to Plaintiff's arguments (*see* Pl.'s Opp. Mot. Summ. J., 26 [Dkt. No. 234]), this is not sufficient to survive a motion for summary judgment because the court is required to enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element to prove that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Plaintiff's conclusory allegations about the Career Step Defendants' individual liability for abuse of personal identity do not survive the *Ashcroft/Iqbal* standard for a motion to dismiss, much less the more exacting standard governing a party's opposition to a motion for summary judgment (as outlined in the court's concurrently issued Order [Dkt. No. 245]). The court therefore grants the Career Step Defendants' motion as to Plaintiff's abuse of personal identity claim.

In granting the Career Step Defendants' Motion for Summary Judgment on Plaintiff's claim for an equitable accounting, the court refers to and incorporates its analysis of Plaintiff's accounting claim in the Order.

## CONCLUSION

As discussed above, the court GRANTS the Career Step Defendants' Motion for Summary Judgment. [Dkt. No. 176.]

SO ORDERED this 6th day of March, 2013.

BY THE COURT:

_____
Clark Waddoups
United States District Judge